Mr. Justice Nott
delivered the opinion of the court i
Permitting an account to be investigated which has been settled and closed by a receipt in full, appears somewhat like a violation of the rule of law that written evidence should not be contradicted nor explained by paroL But a receipt appears to be an exception to that rule. (Tobey vs. Barber, 5 Johnson 72. Shaton vs. Ratsall et al. 2 Term Rep. 366.) It is nevertheless not to be considered as no evidence, neither is it to be understood that an account so settled remains subject to the same proof only as before. On the contrary, a receipt like any other paper, is to be construed according to its most obvious import, and will be considered final and conclusive between the parties where it purports to bfe so, except where soiri’e satisfactory and clear evidence shall be produced of error or mistake. The plaintiff’s account amounts to something upwards of % 1,000. They have given the defendant’s testatrix several credits, amounting in the whole to something more than #600, leaving a balance of #395 ás above stated. The defendants do not produce receipts to the amount of goods purchased of the plaintiff, but they pi’oduce one of the date of July 30th, which purports' to *322 be in full at that time. It must therefore be so understood, unless some evidence to the contrary shall appear. Thu only circumstance to weaken the effect of it, is, that the amount of goods charged in the plaintiffs account after the date of a prior receipt up to the time of this, (with the omission of one article,) corresponds with the Same mentioned in the receipt. But that is not sufficient to do away a writing under their own hands. It is further to be observed, that the plaintiffs are merchants, carrying on business on an extensive scale, and cannot be presumed to do business in this loose way. Indeed, the defendant’s receipt book furnishes strong evidence to repel such a presumption. All the receipts are either general, for certain monies paid on account, or specify the particular bills, on account of which they were paid, except two. One is that now under consideration, which is for $ 127, in full, and the other is of the 25th of October, of the preceding year, and which I presume was intended to close their dealings up to that time, as I observe the present account commences the 3d of November following. Those two receipts which seem intended as far as we can judge from the documents before us to close the accounts up to the time of their respective dates, are almost literally in the same words. It is further to be remarked, that the person to whom this receipt was given is now no more, and her repi-esentatives know nothing of this transaction, except what they have learned from the papers which she has left behind her. What estate might not be ruined, if complicated accounts might thus be unravelled, and receipts treated as waste paper ? The object of a receipt is to put an end to litigation.' It is the highest evidence and security which the estate of a deceased person can have against an unfounded claim. The money claimed by the plaintiffs may be due. If so, it is their own fault, if they lose it. But the rules of law cannot be relaxed for the ac - commodation of any individual. It is better that they should suffer this loss than that we should set such a precedent. There appears due to the plaintiffs a balance of *323 $ 54 18, for which they are entitled to a verdict. But a new trial must be granted, unless they -will release the overplus.
Cross Gray, for the motion.
TUgleston fy Hunt, contra.
Justices Colcock, Gantt, Richardson and Johnson, concurred.